UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | | |
|---|---|---|
| STEVEN A. HALL, | ) | |
|       Plaintiff | ) ) ) | |
| v. | ) ) | Civil No. 09-277-P-H |
| HOME DEPOT U.S.A., INC., et al., | ) ) | |
|       Defendants | ) | |


**RECOMMENDED DECISION ON DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM DECISION ON ITS MOTION TO EXCLUDE TESTIMONY**

Home Depot U.S.A., Inc., one of three defendants in this products liability action, moves for summary judgment and to exclude the testimony of Robert Flynn, identified by the plaintiff as an expert witness.[1] I grant the motion to exclude in part and recommend that the court deny the motion for summary judgment.

**I. Motion to Exclude Expert Testimony**

Because both Home Depot and the plaintiff cite Mr. Flynn's testimony in connection with the motion for summary judgment, I address that motion first.

Home Depot seeks to exclude Flynn's testimony pursuant to *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999), on grounds that it is speculative, unreliable, insufficiently grounded and unhelpful to the trier of fact. Defendant Home Depot U.S.A., Inc.'s Motion to Exclude the Testimony of Plaintiff's

---

[1] The other original defendant, Crary Industries, Inc., joined in this motion but added no substantive argument. Defendant Crary Industries, Inc.'s Joinder in Defendant Home Depot USA, Inc.'s Motion to Exclude the Testimony of Plaintiff's Expert Robert V. Flynn (Docket No. 46). Subsequently, the two other current defendants, Crary Company and Terramarc Industries, Inc., were substituted for Crary Industries, Inc. Docket Nos. 53, 55.

1

Expert Robert V. Flynn ("Expert Motion") (Docket No. 28) at 5-10.  Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702.  Under Rule 702, "it is the responsibility of the trial judge to ensure that an expert is sufficiently qualified to provide expert testimony that is relevant to the task at hand and to ensure that the testimony rests on a reliable basis." *Beaudette v. Louisville Ladder, Inc.,* 462 F.3d 22, 25 (1st Cir.2006).  With respect to reliability:

> In *Daubert,* the Supreme Court set forth four general guidelines for a trial judge to evaluate in considering whether expert testimony rests on an adequate foundation: (1) whether the theory or technique can be and has been tested; (2) whether the technique has been subject to peer review and publication; (3) the technique's known or potential rate of error; and (4) the level of the theory or technique's acceptance within the relevant discipline. However, these factors do not constitute a definitive checklist or test, and the question of admissibility must be tied to the facts of a particular case.

**\*2** *Id.* (citations and internal quotation marks omitted); *see also, e.g., Zachar v. Lee,* 363 F.3d 70, 76 (1st Cir.2004) ("The court's assessment of reliability is flexible, but an expert must vouchsafe the reliability of the data on which he relies and explain how the cumulation of that data was consistent with standards of the expert's profession.") (citation and internal quotation marks omitted).

As the First Circuit has observed, "*Daubert* does not require that the party who proffers expert testimony carry the burden of proving to the judge that the expert's assessment of the situation is correct." *United States v. Mooney,* 315 F.3d 54, 63 (1st Cir. 2002) (citation and internal quotation marks omitted). "It demands only that the proponent of the evidence show that the expert's conclusion has been arrived at in a scientifically sound and methodologically reliable fashion." *Id.* (citation and internal quotation marks omitted). That said, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.,* 161 F.3d 77, 81 (1st Cir.1998) (citation and internal quotation marks omitted).

Here, Home Depot first contends that Flynn's opinions are not based on any reliable facts or data. Expert Motion at 5-6. This is so, it asserts, because Flynn relied on the wrong National Safety Council publication and merely applied a mathematical formula to determine the dimensions of his proposed solutions for the shortcomings he perceives in the design of the chipper/shredder at issue. *Id.* at 5. Moreover, Home Depot says, Flynn admitted that his measurements of the chipper were inaccurate and that he would need to consult an additional table which he had not looked at before testifying. *Id.* at 5 n.3. Finally, he did not design or create the guard that he testified was necessary, so its feasibility cannot be established. *Id.* at 6.

The plaintiff responds that Flynn's opinions are based "on his extensive experience in the area of safety engineering including the design of numerous machine guards." Plaintiff's Opposition to Home Depot's Motion to Exclude the Testimony of Plaintiff's Expert Robert V. Flynn ("Expert Opposition") (Docket No. 62) at 3. He discusses at some length, *id.* at 4-5, Mr.

3

Flynn's reasons for rejecting the specific ANSI (American National Standards Institute) standard for wood chippers and shredders, which Home Depot contends, Expert Motion at 5-6, is applicable to the machine at issue, rather than the general National Safety Council standard, which Flynn used in his testimony and which Home Depot contends is not applicable to the machine in question in this case.

While it is true, as the plaintiff notes, Expert Opposition at 4-5, that compliance with industry standards is not necessarily dispositive on the issue of defective design, *see, e.g., Castine Energy Constr., Inc. v. T.T. Dunphy, Inc.*, 2004 ME 129, ¶10, 861 A.2d 671, 675; *Falconer v. Penn Maritime, Inc.*, 397 F.Supp.2d 68, 73 (D. Me. 2005) (OSHA regulation), such compliance does not appear to be the issue presented by Home Depot's motion. Similarly, the opposition does not respond to Home Depot's assertion, Expert Motion at 5 n.3, that Flynn admitted that he needed to consult another table before completing his calculations about the size of the guard that he believed should have been on the machine at issue. I conclude that this lack of information goes to the weight of Flynn's testimony rather than its admissibility.

Home Depot contends that Flynn's opinion "is nothing more than the *ipse dixit* of an expert," which is not admissible, because Flynn asserts that a 24" guard should have been placed on the machine's discharge chute but did not "design, test or otherwise apply any reliable principles or methods to arrive at his opinion that [such a guard] was feasible." *Id*. at 5-6. While this question is a close one, I cannot agree with the plaintiff that "[t]he feasibility of this design concept is largely intuitive." Expert Opposition at 6. The sole case cited by the plaintiff in support of this proposition, *Phillips v. Emerson Elec. Co.,* No. Civ. 02-179-P[-]C, 2003 WL 21011349 (D. Me. May 5, 2003), at *5, does suggest that the feasibility of a remedial design may be reasonably inferred by the factfinder under certain circumstances. But Judge Kravchuk's use

4

of the word "intuitive" in that case was in reference to her discussion of the application of common sense to an expert's testimony, which a factfinder is expected to do. *Id*. In the case at hand, particularly given that the discharge chute on the machine at issue was jamming and shutting the machine down even before a 24" extension would be added to its length, common sense or intuition cannot provide the necessary evaluation of feasibility.

That does not end the matter, however. As the plaintiff notes, Expert Opposition at 6, Flynn did provide verifiable testimony concerning feasibility. For present purposes, that is sufficient.

Home Depot next argues that Flynn's testimony must be excluded because he is not sufficiently independent of the plaintiff's attorneys. Expert Motion at 7. This is so, it contends, because Flynn "cannot say how the accident occurred" because the plaintiff cannot explain how his hand got into the discharge chute and so it would not have been possible for Home Depot to foresee the mechanism of injury and thus to warn against it. *Id*. at 8. I do not see how this argument applies to the admissibility of Flynn's expert testimony; rather, it seems to be a global argument against any liability on the part of Home Depot. The plaintiff does not respond to this argument.

Next, Home Depot contends that "Mr. Flynn's absolute reliance on Mr. Hall's explanation [for the incident] does not account for the competent evidence that there is no suction nor other inward force at the discharge chute that could have forced Mr. Hall's hand into the machine." *Id*. at 9. But, Home Depot does not proffer any evidence to the effect that Flynn's opinions require that the plaintiff's hand have been sucked into the discharge chute. Its argument appears to be more suited to presentation to a factfinder whom Home Depot wants to convince to

discount Flynn's opinions than it does to a motion to prevent the factfinder from hearing the testimony at all.

My conclusion that Flynn's expert opinions to which he testified at deposition are admissible does not extend, however, to the additional information and opinions set forth in the plaintiff's opposition to the motion to exclude that were not revealed to the defendants before that deposition, and not until a letter dated March 25, 2010, Defendant Home Depot U.S.A[.], Inc.'s Reply to Plaintiff's Opposition to Motion to Exclude the Testimony of Plaintiff's Expert Robert V. Flynn ("Expert Reply") (Docket No. 70) at 1 & Exh. A, some five weeks after the discovery deadline and two weeks after the motion to exclude Flynn's testimony was filed.

Home Depot seeks to exclude any testimony from Flynn based on this expansion of his timely-disclosed opinions. *Id*. at 2-3. I have compared Flynn's declaration dated April 9, 2010, Declaration of Robert V. Flynn (Docket No. 62-2), which is attached to the plaintiff's opposition to the motion to exclude his testimony, with the plaintiff's initial designation of Flynn as an expert witness, Letter dated September 17, 2009 from Kenneth D. Pierce, Esq. to Daniel Rapaport, Esq. and Blair Jones, Esq. (Docket No. 29-1 at 1-3), and with Pierce's letter dated March 25, 2010, to the same two lawyers (Docket No. 70-1). None of the statements in paragraphs 3-15 of Flynn's April 2010 declaration may reasonably be found to have been included within the scope of the September 17, 2009, letter's description of Flynn's anticipated expert testimony. Flynn should not be allowed to testify about the subject matter of these 13 paragraphs of his April 2010 declaration, the matters set forth in the first full paragraph on page 7 of the Expert Opposition and the paragraph immediately following it, or about the tests mentioned in Pierce's March 25, 2010 letter. *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003); *Lohnes v. Level 3 Commc'ns, inc.*, 272 F.3d 49, 60-61 (1st Cir. 2001); *Davies v. Datapoint*

*Corp.*, Civil No. 94-56-P-DMC, 1995 U.S.Dist.LEXIS 21739 (D. Me. Oct. 31, 1995), at *11-*12.

The plaintiff has not sought leave to respond to the portion of Home Depot's reply memorandum that objects to Flynn's proposed expert testimony about these matters but, perhaps in anticipation of such an objection, cites to the deposition of David Majkrzak on December 3, 2009. Expert Opposition at 7. The portions of the transcript of Majkrzak's deposition that have been provided by the parties do not indicate Majkrzak's position with Crary Industries, if any, or in what other capacity he may have been testifying. In the provided excerpts, Majkrzak testifies about the European model of the machine that is at issue in this proceeding. Docket No. 62-1 at 39-41, 49-50, 53-54, 63-64. If the plaintiff's citation of these excerpts was intended to show that he did not know and could not have known about the existence of the European version of the chipper/shredder and its differences from the American version before that deposition, he has failed even to suggest why he did not seek to expand Flynn's designation at that time, before the end of the discovery period, rather than three and a half months later, and only after Home Depot had formally sought the exclusion of Flynn's testimony from trial.

Home Depot's motion to exclude Flynn's testimony is granted, but only in this limited regard.

## II. Motion for Summary Judgment

### A. Applicable Legal Standards

*1. Federal Rule of Civil Procedure 56*

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "A dispute is genuine if

the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina*, 532 F.3d 28, 30 (1st Cir. 2008) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Id*. (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

*2. Local Rule 56*

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id*. The nonmoving party must then submit a

responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation. *See id*. The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id*.

Failure to comply with Local Rule 56 can result in serious consequences. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id*.; *see also, e.g., Sánchez-Figueroa v. Banco Popular de P.R.*, 527 F.3d 209, 213-14 (1st Cir. 2008).

### B. Factual Background

The following material facts are appropriately presented in the parties' respective statements of material facts filed pursuant to Local Rule 56.

The plaintiff rented a wood chipper/shredder from the Home Depot store in South Portland, Maine, on October 14, 2006. Statement of Material Facts in Support of Summary

9

Judgment ("Home Depot SMF") (Docket No. 31) ¶ 1; Plaintiff's Response to Home Depot's Statement of Material Facts and Statement of Additional Material Facts ("Plaintiff's Responsive SMF") (Docket No. 64) ¶ 1. A defendant other than Home Depot manufactured the chipper. *Id*. ¶ 2. The plaintiff had no prior experience with this machine and relied on Home Depot's employees to recommend the appropriate model. Statement of Additional Material Facts ("Plaintiff's SMF") (included in Plaintiff's Responsive SMF, beginning at 6) ¶ 26; Response to Plaintiff's Additional Statement of Material Facts ("Home Depot's Responsive SMF") (Docket No. 73) ¶ 26. The plaintiff did not read the warnings on the machine. Home Depot SMF ¶ 3; Plaintiff's Responsive SMF ¶ 3.

The warning on the discharge chute of the chipper read as follows:

### DANGER

> Rotating Cutting Blades. Keep hands and feet out of inlet and discharge openings while machine is operating to avoid serious personal injury. Stop engine, remove spark plug wire and allow machine to come to a complete stop before clearing obstructions or making adjustments.

*Id*. ¶ 4. This warning also contained a pictogram with part of a finger being cut off. *Id*. ¶ 5.

A separate placard on the machine included the following instructions:

> 1) Become familiar with the Owner's Manual before attempting to operate this equipment.
> * * *
> 4) Do not allow hands or any other part of the body or clothing inside the feeding chamber, discharge chute or near any moving part.
>
> 5) Before inspecting or servicing any part of the machine, shut off power source, disconnect the spark plug wire from the spark plug and make sure all moving parts have come to a complete stop.
>
> 6) Do not transport this machine while the engine is running.
> * * *
> 14) Do not allow processed material to build up in the discharge area; this may prevent proper discharge and can result in kickback of material through the discharge opening.

<pre>                                   * * *
</pre>

> 16)   Always stand clear of the discharge area when operating this machine. Keep face and body back from the feed opening.
>
> 17)   If the machine becomes clogged, shut off the engine (or motor), disconnect the spark plug wire and allow the machine to come to a complete stop before cleaning debris.

*Id*. ¶ 6.[2]

The rental contract included warnings that advised a user to keep his hands clear of the machine and to turn it off prior to removing debris. *Id*. ¶ 8.[3] The plaintiff initialed the rental contract to indicate that he was offered and accepted a copy of the owner's manual. *Id*. ¶ 9.[4] The plaintiff claims that he was operating the machine for a short period of time at home when it began to bog down and stalled, which he attributes to debris in the discharge chute. *Id*. ¶ 10. The plaintiff moved the machine, restarted it, and began loading it. *Id*. ¶ 11.

When the machine sounded like it would stall again, the plaintiff moved it with the machine running in an attempt to avoid having it stall again. *Id*. ¶ 12. The plaintiff claims that there was a stick long enough to extend from one side of the machine to the other on the diagonal and in front of the wheel to the plaintiff's left, preventing the wheel from turning. *Id*. ¶ 13.[5] The plaintiff bent down and grasped the stick in his right hand to move it out of the way. *Id*. The plaintiff says that after grabbing the stick he next recalls that he could not feel the stick and he

---

[2] The plaintiff's response qualifies this paragraph of Home Depot's statement of material facts in a manner that does not challenge the information quoted in the text and is not relevant to the resolution of the motion for summary judgment. Plaintiff's Responsive SMF ¶ 6.

[3] The plaintiff's response qualifies this paragraph of Home Depot's statement of material facts in a manner that does not challenge the information quoted in the text and is not relevant to the resolution of the motion for summary judgment. Plaintiff's Responsive SMF ¶ 8.

[4] The plaintiff's response qualifies this paragraph of Home Depot's statement of material facts to add that he was not provided with a copy of the owner's manual. Plaintiff's Responsive SMF ¶ 9.

[5] Home Depot's response to the plaintiff's statement of material facts includes a single paragraph, number 43, entitled "Reply Statement of Undisputed Material Facts," further addressing the stick. Home Depot's Responsive SMF ¶ 43. Local Rule 56 does not provide for the submission of further factual statements by the moving party after the opposing party has submitted its statement of material facts, and Home Depot did not request leave to file this additional statement. I therefore strike it from the record. *See Wilgus v. F/V Sirius, Inc.*, Civil No. 08-225-P-H, 2009 WL 1372963 (D. Me. May 14, 2009), at *7 n.2.

discovered his hand in the discharge chute. *Id.* ¶ 14. He cannot explain how his hand went from grasping the stick to being inside the discharge chute, amputating his right middle, index and ring fingers. *Id.*

The plaintiff claims that the machine was defective and unreasonably dangerous because it did not have a better guard and it did not comply with the standard of the National Safety Council. *Id.* ¶ 15. He believes that Home Depot should have told him "about the jamming up of the inside of the machine" and that the machine could jam and stall, and he believes that if Home Depot had told him this, he would have known there was a problem. *Id.* ¶ 16. He knew that he should not reach into the discharge chute. *Id.* ¶ 18. When the plaintiff rented the machine, it was clear to him that a danger existed at the bottom of the large, long intake chutes. Plaintiff's SMF ¶ 37; Home Depot's Responsive SMF ¶ 37.

Home Depot's expert witness, Dennis Brickman, attempted to recreate the plaintiff's version of the incident and found that there was no suction or other inward flow at the discharge chute. Home Depot SMF ¶ 20; Plaintiff's Responsive SMF ¶ 20. The plaintiff's expert witness, Robert Flynn, was not asked to reconstruct the accident. *Id.* ¶ 22.

Brian Powell, head of the tool rental center at the Home Depot where the plaintiff rented the chipper/shredder, testified that every customer at the tool rental center signed a two-page contract, the second page of which was not reviewed with customers. Plaintiff's SMF ¶¶ 28-29; Home Depot's Responsive SMF ¶¶ 28-29.[6] He testified that Home Depot personnel would recite a fifteen-second "spiel" prior to having the customer sign the rental contract. *Id.* ¶ 30. Ralph Morgan, the Home Depot employee who rented the chipper/shredder to the plaintiff, testified that he had only been working at Home Depot for a few weeks at the time of the rental. *Id.* ¶ 31.

---

[6] Home Depot qualifies its response to paragraph 29 of the plaintiff's statement of material facts in a manner that is not relevant to the resolution of the motion for summary judgment. Home Depot's Responsive SMF ¶ 29.

### C. Discussion

#### *1. Failure to Warn*

Home Depot first contends that it had no duty to warn the plaintiff because his injury was not foreseeable. Defendant Home Depot U.S.A., Inc.'s Motion [] For Summary Judgment ("Summary Judgment Motion") (Docket No. 30) at 8-9, 12-15. This is so, it asserts, because the plaintiff has no memory of the mechanism of his injury. *Id.* It cites no authority in support of this argument.

The plaintiff likewise cites no authority in his response, contending that, had Home Depot employees told him about the "danger inherent in the discharge zone of the chipper-shredder, . . . [he] would not have continued to operate the machine up to the point of the accident." Plaintiff's Opposition to Home Depot's Motion for Summary Judgment ("Summary Judgment Opposition") (Docket No. 63) at 5. This formulation appears to fit within the definition of a claim for failure to warn under Maine law. *See Dickenson v. Clark*, 2001 ME 49, ¶ 9, 767 A.2d 303, 306.

Home Depot challenges, Home Depot Responsive SMF ¶¶ 35, 38, 40-42, some of the paragraphs in the plaintiff's statement of material facts upon which the plaintiff's response relies, Plaintiff's SMF ¶¶ 35, 38, 40-42, Summary Judgment Opposition at 4-5, but in order to avoid the entry of summary judgment, the nonmoving party need only demonstrate the existence of a disputed issue of material fact. The paragraphs of the plaintiff's statement of material facts listed in the preceding sentence are appropriately supported by citations to the summary judgment record and are sufficient to establish a disputed issue of fact material to the plaintiff's failure-to-warn claim.

In the alternative, Home Depot contends that the plaintiff has failed to provide any evidence to establish what specific warnings should have been provided and that, therefore, it is entitled to summary judgment. Summary Judgment Motion at 9-12. Assuming *arguendo* that such a requirement is recognized by Maine law, the same paragraphs of the plaintiff's statement of material facts discussed above provide the necessary factual support.

Home Depot is not entitled to summary judgment on Count I of the first amended complaint, the plaintiff's claim that it failed to warn him adequately of the dangers of the chipper/shredder.

### 2. *Defective Design*

Home Depot contends that the plaintiff cannot establish that the chipper/shredder was defective, or that the defect was the proximate cause of his damages, because he cannot present the requisite expert testimony on these issues. Summary Judgment Motion at 14-16. It reiterates its reasons for excluding the testimony of the plaintiff's designated expert on these issues, Robert V. Flynn, but I have already rejected those arguments.

This is the only basis presented by Home Depot for summary judgment on this claim, and for the reasons already discussed in connection with the motion to exclude Flynn's testimony, the motion for summary judgment on this claim should be denied.

### III. Conclusion

For the foregoing reasons, the motion to exclude the testimony of Robert V. Flynn is **GRANTED** as to the subject matter of paragraphs 3-15 of his April 2010 declaration (Docket No. 62-2), the matters set forth in the first full paragraph on page 7 of the plaintiff's opposition to the motion to exclude (Docket No. 62) and the paragraph immediately following it, and the tests mentioned in Attorney Pierce's March 25, 2010, letter (Docket No. 70-1).

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 14th day of September, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
